UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTHONY L. WILSON     Movant/Defendant

v.     Civil Action No. 3:22-cv-593-RGJ-HBB
Criminal Action No. 3:21-cr-59

UNITED STATES OF AMERICA     Respondent/Plaintiff

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Movant Anthony L. Wilson ("Wilson") filed belated objections to the report and recommendation of the magistrate judge. [DE 58]. He also filed two letters to the magistrate judge, which the Court construes as a motion for extension of time to file the objections. [DE 59, DE 60]. The Court did not receive Wilson's objections and motion until after the deadline for objections had passed and the Court had accepted the report and recommendation and entered final judgment. [DE 55, DE 56, DE 57]. For the reasons below, the Court will grant Wilson's motion and vacate its order accepting the report and recommendation and judgment.

A party seeking to file objections to a magistrate judge's report and recommendation may do so within 14 days of service of a copy of the report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). This period, however, is subject to extension in accordance with Rule 6(b) of the Federal Rules of Civil Procedure. *See McCarty v. Thaler*, 376 F. App'x 442, 443 (5th Cir.2010); *Dupage v. Hackel*, No. 10–cv–10868, 2011 WL 3880495, at *3 (E.D.Mich. Aug.31, 2011) (Goldsmith, J.); *Dowell–El v. Howes*, No. 2:08–cv–11723, 2010 WL 2428656, at *1 (E.D.Mich. June 14, 2010) (Steeh, J.). Federal Rule of Civil Procedure 6(b) states: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)

1

(B). Objections were due on May 13, 2024. Wilson's objections were mailed on July 2, 2024, along with his motion. [DE 58, DE 59].

Wilson states in his motion that he did not receive notice of the Court's order by mail and did not find out about the Court's order until he was told by his wife on June 24, 2024 when he came off lockdown. [DE 59 at 319]. He also states that there was a lock down, preventing him from accessing the law library, and that during the time there was not a lock down, the law library was closed because of GED testing. [DE 59 at 319]. The Court inquired with the Bureau of Prisons ("BOP") and confirmed that Wilson's facility was on lockdown during the timeframe his objections were due, and that it appears he did not receive a copy of the report and recommendation.

Federal Rule of Civil Procedure 59(e) provides for a motion to alter or amend a judgment. A court may alter or amend a judgment based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir.2010) (citations and quotation marks omitted). Wilson's claim regarding the mail and that he was on lockdown during the timeframe objections were due is substantiated. Thus, to prevent manifest injustice, the Court will vacate its previous order and judgment under Rule 59(e) so that Wilson's objections may be considered.

Accordingly,

IT IS ORDERED that Movant Wilson's objections [DE 58] are **deemed timely filed**.

IT IS FURTHER ORDERED that the Court's May 22, 2024 Order accepting the report and recommendation [DE 56], and judgment, is **VACATED.**

Rebecca Grady Jennings, District Judge
United States District Court

September 9, 2024

cc: Petitioner, pro se
Counsel of Record